RANDALL W. EDWARDS (C.S.B. #179053)
redwards@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:    +1 415 984 8700

DAVID MARROSO (C.S.B. #211655)
dmarroso@omm.com
REBECCA A. GIROLAMO (C.S.B. #293422)
bgirolamo@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone:    +1 310 553 6700

REEMA SHAH (*pro hac vice*)
rshah@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, 17th Floor
New York, New York  10019
Telephone:    +1 212 326 2000

Attorneys for Defendant
United Wholesale Mortgage, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ETHAN ALLISON, and MARK CALOCA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED WHOLESALE MORTGAGE,<br><br>Defendant. | Case No. 3:25-cv-05377-WHO<br><br>**UNITED WHOLESALE MORTGAGE, LLC'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Judge: William H. Orrick<br>Date: December 3, 2025<br>Time: 2:00 p.m.<br>Courtroom: 2 – 17th Floor<br><br>Complaint Filed: June 26, 2025<br>Trial Date: Not set |

I.    **INTRODUCTION**

United Wholesale Mortgage, LLC ("UWM") requests that the Court consider the following documents in connection with UWM's motion to dismiss under Rule 12(b)(6) because each item is subject to judicial notice under Federal Rule of Evidence 201 and because they are incorporated by reference into Plaintiffs' Amended Complaint ("AC"):

- Exhibit A of the AC: UWM's Terms of Use, also *available at* https://www.uwm.com/terms-of-use (last visited August 22, 2025)

- Exhibit B of the AC: UWM's Privacy Policy, also *available at* https://www.uwm.com/privacy-policy (last visited August 22, 2025)

- Exhibit 1 of the Declaration of Randall W. Edwards: Homepage of the UWM Website, *available at* https://www.uwm.com/ (last visited August 19, 2025)

- Exhibit 2 of the Declaration of Randall W. Edwards: UWM Website's "Mortgage Loan Servicing" directory, *available at* https://uwm.com/loan-servicing (last visited August 19, 2025)

- Exhibit 3 of the Declaration of Randall W. Edwards: UWM Website's Cookie Banner, *available at* https://www.uwm.com/ (last visited August 19, 2025)

- Exhibit 4 of the Declaration of Randall W. Edwards: Meta's Terms of Service, *available at* https://www.facebook.com/legal/terms (last visited August 19, 2025)

- Exhibit 5 of the Declaration of Randall W. Edwards: Meta's Privacy Policy, *available at* https://www.facebook.com/privacy/policy (last visited August 19, 2025)

- Exhibit 6 of the Declaration of Randall W. Edwards: Meta's Cookies Policy, *available at* https://www.facebook.com/policies/cookies/ (last visited August 19, 2025)

The principles of judicial notice and incorporation by reference allow consideration of these documents because the documents are not subject to reasonable dispute, are core to Plaintiff's claims, and are either attached to or expressly referenced in Plaintiffs' AC. They also are readily accessible to the public. In addition, as the governing agreements, the words in these documents are legally operative acts, not hearsay. *See United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004).

1    Some courts treat the incorporation by reference doctrine as part of judicial notice, while

2    others treat them as distinct. *Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057, 1067 (N.D. Cal.

3    2017). Either way, however, both doctrines apply here.

4    **II.    <u>ARGUMENT</u>**

5    A court may "consider certain materials—documents attached to the complaint,

6    documents incorporated by reference in the complaint, or matters of judicial notice—without

7    converting the motion to dismiss into a motion for summary judgment." *Herguan Univ. v.*

8    *Immigr. & Customs Enf't*, 258 F. Supp. 3d 1050, 1064 (N.D. Cal. 2017) (quoting *United States v.*

9    *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  The Court may deem documents incorporated by

10   reference where the AC attaches or refers to these documents, and they form the basis for

11   Plaintiffs' claims.  *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (A court

12   may consider "documents whose contents are alleged in a complaint and whose authenticity no

13   party questions, but which are not physically attached to the plaintiff's pleading," and "treat such

14   documents as part of the complaint") (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th

15   Cir.2005); *Ritchie*, 342 F.3d at 908.).  And when a court deems a document incorporated by

16   reference, it may assume its contents are true for the purposes of a motion to dismiss under Rule

17   12(b)(6).  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).

18   Here, Exhibits A and B, UWM's Terms of Use and Privacy Policy, respectively, are

19   attached to the AC.  *E.g.*, *In re Sorrento Therapeutic*s, 2021 WL 6062943, at *4 (incorporating by

20   reference document quoted from and referenced in complaint).

21   The Court also may deem Exhibits 1-6 of the Edwards Declaration incorporated by

22   reference because those documents show contents from websites that are expressly and implicitly

23   referenced in the AC.  UWM's Website and Cookies Banner, and Meta Platforms, Inc.

24   ("Facebook" or "Meta")'s Terms of Service, Privacy Policy and Cookies Policy are incorporated

25   by reference because Plaintiffs' AC is based on and extensively references the UWM Website

26   and the Meta Pixel, as well as their alleged collection and sharing of Plaintiffs' information.

27   Plaintiffs reference and quote UWM's website throughout the AC.  *See* AC. ¶¶ 2-4, 6, 13-14, 25

28   n.5, 28-30, 33-42, 45, 52-54, 57-70, 83, 102, 108, 110-121, 128, 133, 156, 161, 172, 175-176,

186-187, 233, 236-237, 253, 265-269, 283-287, 297, 300, 306-311, 324-325.  Plaintiffs also state in the AC that they are "Facebook user[s]," *id.* ¶¶ 112, 118, and discuss extensively how "Plaintiffs' interactions with UWM's [website] were disclosed to third parties, including Facebook." *Id.* ¶ 127, *see id.* ¶¶ 12, 31, 40-44, 56, 63, 90, 127, 128(f), 175, 198, 261(j), 279(t) 329.  As Facebook users, Plaintiffs must have accepted Meta's Terms and Conditions, Privacy Policy, and Cookie Policy when they accessed UWM's website.  *See id.* ¶¶ 112, 118. Moreover, Plaintiffs' claims are based on UWM's purported sharing of information pertaining to themselves and other putative class members, and are predicated on the allegation that personal and financial information that they conveyed while accessing UWM's website was collected by pixel tracking technology and shared with third parties without their consent.  A key issue is what Plaintiffs (and proposed class members) were told by UWM and by the third parties that allegedly intercepted their information, and what terms they agreed to.  Thus, the incorporation by reference document applies to these documents, too.  *See In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813–14 (incorporating by reference Google's Terms of Service and Privacy Policy where these documents "form[ed] the basis" for Plaintiffs' claims); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (on Rule 12(b)(6) motion, courts "must consider … documents incorporated into the complaint by reference, and matters on which a court may take judicial notice"); *Knievel*, 393 F.3d at 1076 (court may consider extrinsic document if "plaintiff's claim depends on the contents of [the] document"); *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007) (court may take judicial notice of document if the complaint refers extensively to it or if it forms the basis of plaintiffs' claims).

Incorporation by reference also is appropriate here because it fulfills the purpose of the doctrine, namely, to prevent Plaintiffs from highlighting only the portions of the UWM Website and information about Facebook that support their claims while omitting the portions of those same documents that weaken their claims. *McCoy v. Alphabet, Inc.*, 2021 WL 405816, at *2 (N.D. Cal. Feb. 2, 2021) ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.") (citing *Khoja*, 899 F.3d at 1002).

Independently, the Court may also take judicial notice of all the documents. Federal Rule of Evidence 201 permits a court to take judicial notice of a fact "not subject to reasonable dispute" because the fact is either "(1) [] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Under Rule 201, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" may be considered in ruling on a 12(b)(6) motion to dismiss.  *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012).

Exhibits A & B to the AC and Exhibits 1-6 to the Edwards Declaration are publicly available documents available on UWM's and Meta's webpages.  Courts have regularly taken notice of these types of documents previously. *See, e.g.*, *Opperman v. Path, Inc*., 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (taking judicial notice of Privacy Policy); *Rutter v. Apple Inc.*, 2022 WL 1443336, at *3 (N.D. Cal. May 6, 2022) (granting request for judicial notice of Terms and Conditions); *Jones v. Tonal Sys., Inc*., 751 F. Supp. 3d 1025, 1031-32 (S.D. Cal. 2024) (judicial notice of website); *Loomis v. Slendertone Distribution, Inc*., 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) (same); *Khoja*, 899 F.3d at 1002-03 (a court may take notice of an adjudicative fact not subject to reasonable dispute); *In re Google Assistant Privacy Litig*., 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (taking judicial notice of company's terms and conditions and privacy policy); *Caldwell v. Caldwell,* 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006), *order clarified,* 2006 WL 734405 (N.D. Cal. Mar. 20, 2006) ("[A]s a general matter, websites and their contents may be proper subjects for judicial notice."); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (collecting cases holding that "documents [that] appear on publicly available websites. . . are . . . proper subjects for judicial notice"); *Minkler v. Apple, Inc*., 65 F. Supp. 3d 810, 814 n.1 (N.D. Cal. 2014) (taking judicial notice of "Hardware Warranty . . . because [its] accuracy is not disputed and [it is] referenced in the Complaint"); *Doron Precision Sys., Inc. v. FAAC, Inc*., 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website,

as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'") (quoting Fed. R. Evid. 201).

**III.**     **CONCLUSION**

For these reasons, UWM requests that the Court grant its request for consideration of Exhibits A-B of the AC and Exhibits 1-6 of the Edwards Declaration under the doctrines of incorporation by reference and judicial notice.

Dated: September 26, 2025                    O'MELVENY & MYERS LLP

By:    */s/ Randall W. Edwards*
                       Randall W. Edwards

Attorneys for Defendant
United Wholesale Mortgage, LLC