Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel: (317) 636-6481
nlyons@cohenmalad.com
vmiller@cohenmalad.com

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN ALLISON, and MARK CALOCA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED WHOLESALE MORTGAGE,<br><br>Defendant. | Case No. 3:25-cv-05377-WHO<br><br>**RESPONSE IN OPPOSITION TO UNITED WHOLESALE'S MOTION TO STAY DISCOVERY**<br><br>Judge: William H. Orrick, III<br>Courtroom: 2 – 17th Floor<br><br>Complaint Filed: June 26, 2025<br>Trial Date: Not set |

Defendant United Wholesale Mortgage, LLC ("United" or "Defendant") filed a motion seeking a stay of discovery based on a motion to dismiss it had not yet filed. D.E. 28. A stay is not justified. The Court has wide discretion on a motion like this, but there is no cause to invoke it here. United rests its request simply on the cost of litigation, a wholly insufficient basis upon which to grant relief.

## FACTUAL BACKGROUND

This case is in its infancy. Plaintiffs filed their complaint on June 26, 2025. D.E. 1. The parties entered an agreed briefing schedule, and on August 22, 2025, United filed a motion to dismiss. D.E. 21. On September 12, 2025, consistent with Fed. R. Civ. P. 15, Plaintiffs amended their complaint. D.E. 26. Four days later, on September 16, 2025, United filed the instant Motion to Stay Discovery. D.E. 28. United filed its renewed motion to dismiss on September 26, 2025. D.E. 29.

## ARGUMENT

United requests what big companies always request in cases like this – a free pass from the normal rules of discovery and litigation. Such stays are disfavored, and there is no cause to grant one here. United bases its request on two things: first, that its latest and greatest motion to dismiss is likely to succeed, and second, that discovery costs money. This is a complex case involving a number of different alternative claims addressing the same conduct, and a preliminary peek at United's motion to dismiss should telegraph to the Court that there are complex, weedy issues here that are not appropriate for resolution on a Rule 12 motion to dismiss. Thus, it is far too early to endow United with the benefits arising from the grant of a dispositive motion that is not even briefed. Second, courts have said that cost is not a sufficient basis to give a party a stay of discovery. Every defendant thinks its motion to dismiss will succeed, and thus that is not grounds to delay the case. A stay is not justified here.

**I.    Motions to Stay Discovery When a Dispositive Motion is Pending.**

The Ninth Circuit has developed a vast body of caselaw regarding stays of discovery when a motion to dismiss is filed. Indeed, United's motion to stay is replete with citations to legions of

unpublished decisions on this issue. A return to basic principles is helpful in these circumstances. Discovery may only be stayed for good cause. Fed. R. Civ. P. 26(c)(1). Of course, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (same rule). They contain no such provision. In general, the decision of whether to stay discovery is discretionary, and good cause exists to stay discovery when the district court is convinced a plaintiff's complaint will not survive Rule 12 review. *Flynn v. Nevada*, 345 F.R.D. 338, 343 (D. Nev. 2024). Motions to stay discovery are generally disfavored. *See, e.g.*, *White v. E-Loan, Inc.*, No. C 05-02080 SI, 2006 WL 2850041, at *2 (N.D. Cal. Oct. 5, 2006); *see also Washington v. United States Dep't of Homeland Sec.*, No. 4:19-CV-5210-RMP, 2020 WL 4667545, at *2 (E.D. Wash. June 4, 2020) ("Blanket stays of discovery pending resolution of a dispositive motion generally are disfavored in this Circuit.").

A party seeking a stay bears a "heavy burden" of making a strong showing of why discovery should be denied. *SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, No. 23-CV-06543-BLF, 2024 WL 1898439, at *1 (N.D. Cal. Apr. 29, 2024). This is akin to a double hurdle of making a "strong" showing to meet a "heavy" burden. In this District, discovery proceeds after a case management conference. *See* Local Rule 16-7. There is no reason here to depart from that standard procedure. "[A]ll defendants believe that their motions to dismiss are meritorious, and if that was the standard, discovery would be stayed in all cases where motions to dismiss are filed." *Cortazar v. CA Ventures LLC*, No. 1:19-CV-22075-UU, 2019 WL 13092851, at *1 (S.D. Fla. July 30, 2019) (quoting *Eisenband v. Starion Energy, Inc.*, No. 17-cv-80195-KAM, D.E. 38 (S.D. Fla. June 16, 2017)).

As noted in Defendant's Motion, this District generally applies a two-part test to determine whether to stay discovery after a motion to dismiss is filed. The motion must be dispositive of the whole case, and second, the court must decide whether the pending dispositive motion can be

decided absent additional discovery. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (noting both elements are required). And even then, if both factors are satisfied, the court need not issue a protective order under Rule 26. *Hoopes Vineyard LLC v. Cnty. of Napa*, No. 24-CV-06256-CRB, 2025 WL 41929, at *1 (N.D. Cal. Jan. 6, 2025) ("The presence of these two factors *permits, but does not require*, the court to stay discovery until the pending motion is resolved.") (emphasis added). The first factor is most relevant here – United's motion is not dispositive. The second factor is less dispositive here because Plaintiffs agree no further discovery is necessary to deny the instant motions. However, discovery would help to confirm the existence and operation of all third-party trackers on the website, including server to server tracking that cannot be reviewed without access to internal documents. *See* D.E. 26 at ¶¶ 34, 35. Motions to stay are disfavored for good reason. United has done no more than copy and paste its motion to dismiss into this motion to stay and make general, vague references to cost and burden. That does not constitute good cause.

### II. United's Motion to Dismiss

United spends most of its motion regurgitating its theories on its initial motion to dismiss, claiming that its arguments will *certainly, assuredly* dispose of this entire case. United also claims that this Court should review its arguments asserted in its *prior* motion to dismiss, since it only filed a new one a few days ago. D.E. 29. For the proposition that the Court can look to a previously filed motion to dismiss (that is essentially moot), United cites *In re Google Digital Advert. Antitrust Litig.*, No. 20-CV-03556-BLF, 2020 WL 7227159, at *2 (N.D. Cal. Dec. 8, 2020). But in that case (an antitrust matter, unlike here), Plaintiffs had already essentially conceded that the motion to dismiss was likely to succeed: "Google's motion to dismiss presents formidable arguments, which could prove difficult for Plaintiffs to overcome, even considering that leave to amend is freely given…Plaintiffs do not appear to contest this conclusion." *Id.* Plaintiffs make no such concession here and have not even responded to United's forthcoming motion to dismiss yet. Pointing to a moot motion to dismiss is not sufficient on a motion to stay discovery like this one,

and the fact that United filed this motion to stay without having filed its renewed motion to dismiss demonstrates that United is putting the cart before the horse.

And consider what United is really asking for: for the Court to look at a motion that is now moot to justify relief in the new motion it presents here, because its days-ago filed non-moot motion will surely succeed. That is attenuated and wrong. This case presents complex issues of contract formation, tort law, and tracking and privacy law. Pixel cases nationwide are complex and different district courts often dismiss some claims but not others in distinct ways that vary by district, by judge, and by Circuit. *Compare, e.g.*, *Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033 (N.D. Cal. 2025) (denying motion to dismiss in part in pixel case), *with Smith v. Loyola Univ. Med. Ctr.*, No. 23 CV 15828, 2024 WL 3338941 (N.D. Ill. July 9, 2024) (similar in a medical pixel case). This Court need not delve into the vast number of pixel cases to satisfy itself that these allegations raise complex issues. Handing United a victory like staying discovery is not justified.

Further, the discovery that Plaintiffs plan to propound here is narrowly tailored to this case. Plaintiffs will request any document associated with their own use of Defendant's website, documents associated with how Defendant shared information with third parties, and technical information showing how Defendant's website employed the technologies laid out in the complaint. This is not a fishing expedition into every last aspect of Defendant's comings and goings in the mortgage market. This case is about online data collection and how United harvests, collects, processes, and sells certain kinds of data from consumers. It is not an antitrust challenge to an entire line of business of a giant company like Google that could implicate millions of intra-company communications.

And in general, complex cases like this one are not suited for abbreviated briefing in this forum on a motion to stay discovery. *Hoopes Vineyard LLC*, 2025 WL 41929, at *1 ("The parties spend significant time debating the likely merits of Napa County's as-yet unfiled motion to dismiss Plaintiffs' first amended complaint. But Plaintiffs' allegations and Napa County's potential defenses are complex and not suited for abbreviated briefing in a motion to stay."). The district

court must be "*convinced* that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002), (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)) (emphasis added). Plaintiffs need not respond to United's cribbed arguments from its motion to dismiss in this motion. But for example, United repeatedly invokes a "consent" defense. D.E. 28 at 10, 12. Generally speaking, consent questions (like scope) are ill suited for resolution at the motion to dismiss stage. *See, e.g.*, *Zarif v. Hwareh.com, Inc.*, No. 23-CV-0565-BAS-DEB, __ F.Supp.3d __, 2025 WL 486317, at *6 (S.D. Cal. Feb. 13, 2025); *see also Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 735 F. App'x 241, 247 (9th Cir. 2018); *Balanzar v. Fid. Brokerage Servs., LLC*, 654 F. Supp. 3d 1075, 1081 (S.D. Cal. 2023). And Plaintiffs allege in the very first paragraph of their complaint that they did not consent to the collection here. D.E. 26 at ¶¶ 1, 71, 82, 109. All these issues can (and should) be briefed more fulsomely in the normal course. United is not entitled to a full-blown response to its motion to dismiss for Plaintiffs to avoid the grant of *this* motion.

United's Motion is light on what matters most here: some indication of why discovery will harm it, or why discovery is not appropriate in this case. United is essentially asking the Court for a Mulligan on participating in litigation in the normal course in federal court, and can come up with no justification more immediate than litigation costs. For example, United asserts that limiting discovery will "promote efficiency and reduce the burden on UWM and the Court[.]" D.E. 28 at 6. United later asserts that requiring discovery will be "costly" and a "substantial waste of resources." D.E. 28 at 7. A stay is not justified just because discovery may cost money. *See, e.g.*, *Hoopes Vineyard LLC*, 2025 WL 41929, at *1 ("Moreover, Napa County fails to identify a particular or specific need for a protective order, asserting only that a stay will promote efficiency for the Court and the parties and conserve the parties' resources. Such blanket concerns, which are true in the mine run of litigation, do not establish good cause for a protective order."); *Smith v. Levine Leichtman Cap. Partners, Inc.*, No. C 10-00010 JSW, 2011 WL 13153189, at *2 (N.D. Cal. Feb. 11, 2011) ("The expense of discovery alone does not amount to good cause to stay discovery

based on Defendants' argument that they are likely to succeed on the pending motions and could therefore avoid unnecessary expenses."); *see also Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013) ("The fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery."). That is precisely what United asserts here as the basis for its motion: "costly efforts to respond to discovery," D.E. 28 at 7, and "substantial burden and expense[,]" D.E. 28 at 13. Concerns about cost and abstract invocations of "judicial efficiency," D.E. 28 at 10, are insufficient. The true basis of this request is simply that United does not want the normal rules to apply.

Even if this Court were to grant a motion to dismiss, Plaintiffs could still be entitled to amend. *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-CV-06370-EJD, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018) ("[]Defendants correctly observe that the pending motion to dismiss could be dispositive of the entire action, *if* granted in its entirety and *if* the court decides that further leave to amend should not be permitted. But those are big 'ifs.'") (emphasis in original); *Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016) ("Thus, even if Defendant were correct that Plaintiff's claims must be dismissed as alleged, the Court would consider whether leave to amend should be granted, rendering Google's motion not dispositive."). In a case with a large number of different alternative remedies at issue, Plaintiffs could easily end up repleading certain claims once the Court sets the law of the case.

Ultimately, "[i]dle speculation does not satisfy Rule 26(c)'s good cause requirement. Such general arguments could be said to apply to any reasonably large civil litigation." *Gray*, 133 F.R.D. at 40. United offers a laundry list of cases in this District that it claims demonstrate that courts frequently grant motions to stay discovery. D.E. 28 at 9. But its citations are a thin reed. For example, United points to *Joseph v. Koh*, No. 20-CV-03782-WHO, 2020 WL 5824491, at *3 (N.D. Cal. Oct. 1, 2020), decided by this Court. But in that opinion, this Court also concurrently granted a motion to dismiss. That has not yet happened here, making the *Koh* opinion inapposite. And several of the cases United cites are antitrust cases, where the Supreme Court has articulated more

specific rules regarding stays of discovery. *In re Google Digital Advert. Antitrust Litig.*, No. 20-CV-03556-BLF, 2020 WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363-BLF, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020). Ultimately, United fails on the first and most important prong of the test – its motion is not dispositive, and so no protective order may issue. Even if the Court found that the two prongs of the test were satisfied, it can still (and should) decline to issue a protective order. *Hoopes Vineyard LLC*, 2025 WL 41929, at *1.

## CONCLUSION

The instant Motion is a fairly typical request where a big company simply does not want to engage in discovery, trumpets that its Motion to Dismiss will be the fairest Motion to Dismiss of all, and points to no real burden other than the cost of discovery. It should be denied.

Dated: September 30, 2025

By: */s/ Natalie A. Lyons*
Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
Lynn A. Toops*
Lisa M. La Fornara*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
nlyons@cohenmalad.com
vmiller@cohenmalad.com
ltoops@cohenmalad.com
llafornara@cohenmalad.com

J. Gerard Stranch, IV (*pro hac vice*)
Emily E. Schiller*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
(615) 255-5419 (facsimile)
gstranch@stranchlaw.com
eschiller@stranchlaw.com

Carly M. Roman, No. 349895
STRAUSS BORRELLI, PLLC
2261 Market Street, Suite 22946

San Francisco, CA, 94114
(872) 263-1100
(872) 263-1109 (facimile)
croma@straussborrelli.com

Samuel J. Strauss*
Raina C. Borrelli*
STRAUSS BORRELLI, PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
(872) 263-1109 (facsimile)
sam@straussborrelli.com
raina@straussborrelli.com

*To seek admission *pro hac vice*

Counsel for Plaintiffs and the Proposed Classes

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I attest that each of the other Signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document.

Dated:  September 30, 2025

COHENMALAD, LLP

By: */S/ Natalie A. Lyons*
    Natalie A. Lyons

Attorneys for Plaintiffs and the Proposed Classes