RANDALL W. EDWARDS (C.S.B. #179053)
redwards@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: +1 415 984 8700

DAVID MARROSO (C.S.B. #211655)
dmarroso@omm.com
REBECCA A. GIROLAMO (C.S.B. #293422)
bgirolamo@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700

REEMA SHAH (*pro hac vice*)
rshah@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, 17th Floor
New York, New York 10019
Telephone: +1 212 326 2000

Attorneys for Defendant
United Wholesale Mortgage, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ETHAN ALLISON, and MARK CALOCA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

UNITED WHOLESALE MORTGAGE,

Defendant.

Case No. 3:25-cv-05377-WHO

**UNITED WHOLESALE MORTGAGE, LLC'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**

Judge: William H. Orrick
Date: December 3, 2025
Time: 2:00 p.m.
Courtroom: 2 – 17th Floor

Complaint Filed: June 26, 2025
Trial Date: Not set

## I. INTRODUCTION

Good cause exists to grant a stay of discovery pending the outcome of UWM's motion to dismiss Plaintiffs' Amended Complaint (AC). As UWM explained in its motion to stay, it clearly meets both prongs of the two-part test federal district courts in California apply when considering a discovery stay pending resolution of a dispositive motion: the motion would be case dispositive and no discovery is needed to resolve it. UWM also demonstrated that a discovery stay promotes efficiency and conserves the parties' and judicial resources. Plaintiffs' Opposition reimagines the inquiry, raising irrelevant arguments based on incorrect and outdated standards, relying on inapposite cases, and, in some places, failing to address UWM's arguments at all. Nothing in Plaintiffs' Opposition rebuts UWM's showing that good cause for a stay exists here for the following reasons:

First, UWM established the first prong, providing the Court with a preliminary peek at its motion to dismiss arguments and showing that such arguments are "***potentially*** dispositive of the entire case." *Muhmoud v. City of San Jose*, 2022 WL 16855573, at *2 (N.D. Cal. Nov. 10, 2022) (emphasis in original). Plaintiffs cast this prong as a stringent standard requiring that the motion to dismiss "certainly [and] assuredly dispose of this entire case" and "convince" the district court that Plaintiffs cannot state a claim for relief. Opp. at 4. But Plaintiffs' interpretation of this prong is simply wrong. In this district, "likelihood of success is not the standard for a stay of discovery." *Muhmoud*, 2022 WL 16855573, at *2. Plaintiffs do not contest that UWM's motion to dismiss attacking every claim in the AC would be "potentially dispositive" of the case, nor could they.

Second, UWM established the second prong; its pending motion to dismiss the AC is based on questions of law and documents incorporated by reference into the AC. Indeed, Plaintiffs concede that "no further discovery is necessary" to resolve the motion, Opp. at 4, confirming the second prong has been met.

Finally, the statements in Plaintiffs' Opposition actually confirm UWM's point that discovery now would waste the parties' and the Court's time and resources. Plaintiffs concede that "this case is in its infancy," and they may significantly amend their pleadings following the

Court's ruling on a motion to dismiss. *Id*. at 2. But they nonetheless propose expansive discovery—including technical discovery about UWM's website—on a long list of claims that are subject to significant dismissal challenges. *Id.* And Plaintiffs identify no prejudice or harm that would result from a stay of discovery.

Plaintiffs seek to denigrate UWM's motion as merely reflecting the typical hope of every corporate defendant to avoid discovery but Plaintiffs' opposition fails to address correctly the established test for when a stay is warranted. *Id*. at 8. While not every case meets that test, the flawed claims and anticipated burdensome discovery against UWM easily do. For the reasons set forth in UWM's opening motion and below, the Court should grant UWM's motion and stay discovery until 30 days after the Court's decision on the pending motion to dismiss and Plaintiffs have a complaint that survives a motion to dismiss or that UWM has answered.

## II. <u>ARGUMENT</u>

Plaintiffs concede that UWM is correct that "this District generally applies a two-part test to determine whether to stay discovery after a motion to dismiss is filed." Opp. at 3. Courts may stay discovery when: (1) the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed;" and (2) "the pending dispositive motion can be decided absent additional discovery." *Ledwidge v. Fed. Deposit Ins. Corp*., 2025 WL 885845, at *2 (N.D. Cal. Mar. 21, 2025). Courts also consider efficiency and conservation of the court's and the parties' resources. *Id.* at *1. Plaintiffs do not dispute that the two-factor test applies here; indeed, they concede that UWM has met the test's second prong. Opp. at 4. Instead, they misconstrue the first prong by taking older cases out of context, and they wholly miss the mark in arguing the equities and efficiency considerations.

### a. UWM's Motion to Dismiss Is Potentially Dispositive of the Entire Case.

Prong one of the two-part test is satisfied where, as here, after taking a "preliminary peek," the court determines that "every claim in [the] complaint would be subject to dismissal" if the motion to dismiss was granted. *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *1, *2 (N.D. Cal. Oct. 22, 2019). Prong one only considers whether it is "***possible*** that defendant[]'s motion to dismiss could be dispositive of the entire case." *Nelson v. F. Hoffmann-La Roche, Inc.*,

2022 WL 19765995, at *1 (N.D. Cal. Nov. 2, 2022) (emphasis in original); *see also Leonard v. CVS Pharmacy, Inc.*, 2025 WL 1266929, at *2 (N.D. Cal. May 1, 2025); *Muhmoud*, 2022 WL 16855573, at *2. UWM's pending motion to dismiss meets this standard because, if granted, "every claim in [the amended] complaint would be subject to dismissal." *Cellwitch*, 2019 WL 5394848, at *2. As previewed in its motion to stay, UWM's motion to dismiss argues that the AC fails to allege the necessary facts for each of the 13 claims. Plaintiffs do not contest that the motion to dismiss would be case dispositive if granted.

Instead, Plaintiffs attempt to reconceive prong one as a rigorous standard that requires UWM to show that its "motion will surely succeed" and "certainly [and] assuredly dispose of this entire case." Opp. at 4–5. To support their erroneous argument, Plaintiffs point to *Wenger v. Monroe*, claiming that "[t]he district court must be ***convinced*** that the plaintiff will be unable to state a claim for relief" to grant a discovery stay. *Id.* at 6 (quoting 282 F.3d 1068, 1077 (9th Cir. 2002), which quotes *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)). Contrary to Plaintiffs' argument, Opp. at 6, *Wenger* did not hold that a court "must be" convinced that plaintiff cannot state a claim; instead *Wegner* found no error in denying discovery in that circumstance. *Wenger*, 283 F.3d at 1077. It simply stated the unremarkable proposition that where, as in that case, a district court "is convinced that plaintiffs will be unable to state a claim for relief," the court "may. . . stay discovery." *Id.* It did not suggest, let alone hold, that was required for a stay. Numerous courts since *Wenger* have reaffirmed that courts also "may … stay discovery" when the two-part test is satisfied, and they repeatedly have rejected the requirement that Plaintiffs advocate here: that the motion to dismiss must be certain to succeed. *E.g.*, *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *1–2 (N.D. Cal. Apr. 10, 2020) (discussing *Wenger*, 282 F.3d at 1077, and collecting cases); *Garcia, v. TDBBS, LLC*, 2025 WL 1755648, at *2 (N.D. Cal. June 25, 2025); *Ledwidge*, 2025 WL 88584 at *2; *Tradin Organics USA LLC v. Terra Nostra Organics, LLC*, 2023 WL 8481814, at *2 (N.D. Cal. Dec. 7, 2023); *Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022); *Cellwitch*, 2019 WL 5394848 at *1, *2; *Yiren Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *2 (N.D. Cal. Apr. 27, 2018); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 220 F.R.D.

349, 352 (N.D. Cal. 2003). Likewise, *Wood* provides no support for Plaintiffs; courts have recognized that the case "addressed a different issue regarding whether to continue an existing stay while the plaintiff moved to file several amended complaints." *Leonard*, 2025 WL 1266929, at *1 n.1 (distinguishing *Wood*). As courts in this district have explained, the "[l]ikelihood of success is not the standard for a stay of discovery." *Muhmoud*, 2022 WL 16855573 at *2 (granting stay and rejecting plaintiff's argument that "defendant has not met this factor because the Dispositive Motions are unlikely to succeed"); *see also Leonard*, 2025 WL 1266929 at *2; *Nelson*, 2022 WL 19765995 at *1. Rather, a stay is appropriate if the motion contains arguments that, taken together, are "***potentially*** dispositive" of the entire case—as is clearly the case here. *Muhmoud*, 2022 WL 16855573 at *2 (quoting *Pac. Lumber*, 220 F.R.D. at 352) (emphasis in original)).

Even if Plaintiffs were correct that the preliminary peek at UWM's motion to dismiss requires assessing its merits, which they are not, doing so would only demonstrate that UWM's motion is not just potentially dispositive but also presents strong arguments for the dismissal of Plaintiffs' entire case, without leave to amend. As UWM explained in its motion, Plaintiffs' claims all fail because Plaintiffs expressly and impliedly consented to UWM's Privacy Policy, which clearly describes UWM's practices related to the collection and transfer of limited, technical website information—not personal and financial user information—for purposes of optimizing the UWM website for its users. Moreover, each of Plaintiffs' 13 claims suffers from multiple additional, independent deficiencies requiring dismissal. UWM need not recount here every argument, but as the motion makes clear, every one of Plaintiffs' claims is untenable given Plaintiffs' own factual allegations, judicially noticeable facts, and clear legal authorities. What is more, these deficiencies are not curable by granting Plaintiffs leave to again amend the complaint. The AC reflects Plaintiffs' apparent best efforts to state a viable claim, having seen UWM's first motion to dismiss, which raised largely the same arguments. Under these circumstances, any further amendments would clearly be futile. A preliminary peek at the merits of UWM's motion to dismiss therefore simply reinforces the strength of its arguments to dismiss the entire case.

The Opposition's other attempts to avoid UWM's showing on prong one are equally unavailing. Plaintiffs throw in a red herring by contending that *In re Google Digital Advert. Antitrust Litig*., 2020 WL 7227159, at *2 (N.D. Cal. Dec. 8, 2020), is inapposite because it is an antitrust case in which plaintiffs did not contest that the motion to dismiss presented "formidable arguments," while here Plaintiffs argue they make no such concessions. Opp. at 4. Plaintiffs' argument again misses the mark. UWM is not arguing that the discovery stay should be granted because Plaintiffs concede its motion to dismiss is likely to be granted. Rather, UWM argued that a preliminary peek at UWM's previous motion to dismiss supported the conclusion that its largely similar, then-forthcoming (but now pending) motion to dismiss was ***potentially*** dispositive. This situation, where Plaintiffs amended their complaint and UWM had not yet filed a second motion to dismiss, is similar to the one in *In re Google.* 2020 WL 7227159, at *3. In any event, UWM has now filed its motion to dismiss Plaintiffs' AC, and as is readily apparent and Plaintiffs do not contest, it would be case-dispositive if granted.

Nor is there any merit to Plaintiffs' insinuation that discovery stays are appropriate only in the antitrust context. Opp. at 4, 7. UWM's motion to stay also cited myriad cases outside the antitrust context where the court stayed discovery pending resolution of a motion to dismiss—none of which the Opposition addresses. *See, e.g.*, *Head v. Cnty. of Sacramento*, 2021 WL 1238283, at *2 (E.D. Cal. Apr. 2, 2021) (Wiretap Act and California Invasion of Privacy Act case); *Yiren Huang*, 2018 WL 1993503 at *2 (contracts case); *Muhmoud*, 2022 WL 16855573 (constitutional case); *Cellwitch*, 2019 WL 5394848 (patent case); *Ledwidge*, 2025 WL 885845 (Bivens case). As is clear from this far-from-exhaustive list, courts in this district apply the two-prong test and grant discovery stays pending dispositive motions in all kinds of cases—including privacy cases.

And Plaintiff's argument that they may be entitled to amend if a motion to dismiss is granted fares no better in opposing a stay. Opp. at 7. Many courts in this district have made clear that the possibility of leave to amend does not defeat a motion to stay. *E.g., Garcia*, 2025 WL 1755648, at *2 ("the inquiries into whether [defendant's] Motion to Dismiss is ultimately successful and whether Plaintiff may be granted leave to amend do not factor into this District's

[two-part test].”); *McMillian v. Musk*, 2024 WL 2091377, at *1 (N.D. Cal. Apr. 16, 2024) (rejecting plaintiffs’ argument “that Defendant’s dismissal motion may not be dispositive because, ***if*** granted … it may be followed by leave to amend” because “dismissal arguments need only be ***potentially*** (as opposed to definitively) dispositive of the entire case to satisfy … prong [one]”) (emphasis in original); *Heck*, 2022 WL 16579372, at *2 (“the fact that Plaintiff could possibly remedy any deficient allegations with leave to amend is not germane to the question before the Court on a motion to stay discovery: whether Defendants’ motion is potentially dispositive of the entire case.”); *Tradin Organics*, 2023 WL 8481814, at *2 (same). Both cases that Plaintiffs cite are distinguishable. *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811 (N.D. Cal. Feb. 16, 2018), noted discovery in that case was simple and did not involve a class action. *Id.* at *1. *Singh v. Google, Inc.*, 2016 WL 10807598 (N.D. Cal. Nov. 4, 2016), conflicts with the vast majority of cases finding a motion to dismiss to be ***potentially*** dispositive if it attacks each claim. *See supra* at 2–4. Additionally, the plaintiff in that case averred that he would be prejudiced by a discovery stay, which Plaintiffs do not assert here. *See infra* at 8. And even if Plaintiffs were correct that the possibility of receiving leave to amend may factor into a stay (which they are not), here that would not caution against a stay, because Plaintiffs did not identify any further amendment they would make, they just had the opportunity to amend when they filed the AC in response to UWM’s first motion to dismiss, and any amendment is likely to be futile for the reasons described above. *See supra* at 4.

For these reasons, UWM has fully satisfied the first prong of the test.

**b. Discovery Is Not Necessary for the Resolution of UWM’s Motion to Dismiss.**

UWM indisputably satisfies the second prong of the two-part test because discovery is not necessary for the resolution of the motion to dismiss, which is based entirely on questions of law, and “relies on the pleadings, including materials attached to or incorporated by reference into the Complaint, and on legal authorities.” *Ledwidge, 2025 WL 885845, at *4*; *Yiren Huang*, 2018 WL 1993503, at *4 (second prong met where discovery “is not necessary to resolve” pending motion to dismiss). Plaintiffs concede that this factor is met. Opp. at 4 (“Plaintiffs agree [that] no further discovery is necessary” to adjudicate UWM’s motion to dismiss).

**c. Because the Case Is "In Its Infancy," A Stay Pending the Resolution of UWM's Motion to Dismiss Promotes Efficiency and Conserves the Parties' and the Court's Resources.**

UWM also established in its motion that the Court should exercise its discretion to grant a stay because any discovery would be premature, inefficient, and burdensome to the parties and the Court. By contrast, a stay of discovery pending a ruling on UWM's motion to dismiss would promote efficiency and conserve the parties' and the Court's resources. Mot. at 8–9. "Recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential 'waste of resources,'" courts within the Ninth Circuit regularly take such considerations into account when determining whether to grant a stay of discovery. *Ledwidge*, 2025 WL 885845 at *2.

UWM's motion explained the substantial harm and waste of resources that would take place if discovery were allowed to proceed with the scope of Plaintiffs' sprawling claims still undetermined. As Plaintiffs themselves concede, "[t]his case is in its infancy," Opp. at 2, and "Plaintiffs could easily end up repleading certain claims once the Court sets the law of the case," *Id*. at 7. Notwithstanding the fact that the claims, allegations and theories in this case are still completely in flux, Plaintiffs would like to commence sweeping discovery not just about them, but also "documents associated with how Defendant shared information with third parties, and technical information showing how Defendant's website employed the technologies laid out in the complaint." *Id*. at 5. Despite Plaintiffs' efforts to characterize such discovery requests as "narrowly tailored," these are broad requests for sensitive and proprietary information that will require a significant amount of time, expense, and energy for UWM's employees and counsel to search for, collect, review, and produce. Opp. at 5. Plaintiffs' casual waving off of this highly asymmetrical discovery burden also foreshadows the parties' discovery disputes that the Court will have to expend judicial resources resolving—all for claims that might not even survive the motion to dismiss. In the event any of Plaintiffs' claims survive, both parties and the Court would benefit from a more targeted approach to discovery that is focused on the operative claims and conserves time, energy and resources.

Plaintiffs do not grapple with the cases UWM cites recognizing that where, as here, claims may be dismissed or narrowed due to a motion to dismiss, discovery is premature and would impose undue burdens on and waste resources of the parties and the Court. *See, e.g.*, *Cellwitch*, 2019 WL 5394848, at *2 (granting a stay of discovery partly because it is "[i]n the interest of judicial efficiency and conserving the Court's resources"); *Yiren Huang*, 2018 WL 1993503, at *4 (finding that a discovery stay "furthers the goal of efficiency for the court and the litigants"); *Reveal Chat Holdco*, 2020 WL 2843369, at *4 ("limited stay of discovery … does not unduly prejudice Plaintiffs and allows all parties to commence discovery with a better understanding of which claims, if any, they must answer.").

Moreover, Plaintiffs do not dispute that they suffer no harm from a temporary stay in discovery. Nor can they: nothing precludes them from obtaining relevant discovery after UWM's motion to dismiss has been resolved. The Court has not yet issued a scheduling order for the case, and they have no impending discovery deadline because—as they acknowledge—"[t]his case is in its infancy." Opp. at 2. As a result, the harm of allowing discovery to proceed greatly outweighs any potential harm of a stay. Thus, good cause exists for the Court to grant UWM's request for a stay of discovery.

## III. CONCLUSION

For these reasons, and those discussed in UWM's motion, the Court should stay discovery until 30 days after the Court's decision on the pending motion to dismiss and Plaintiffs have a complaint that survives a motion to dismiss or that UWM has answered.

Dated: October 7, 2025

O'MELVENY & MYERS LLP

By: */s/ Randall W. Edwards*
Randall W. Edwards

Attorneys for Defendant
United Wholesale Mortgage, LLC