Michael Tackeff *Pro hac vice*
J. Gerard Stranch, IV *Pro hac vice*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
Facsimile (615) 255-5419
mtackeff@stranchlaw.com
gstranch@stranchlaw.com
[*additional counsel listed on signature pages*]
**Counsel for Plaintiffs and Proposed Class**

Randall W. Edwards, No. 179053
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701
redwards@omm.com
[*additional counsel listed on signature pages*]
**Counsel for Defendant**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN ALLISON and MARK CALOCA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>UNITED WHOLESALE MORTGAGE,<br><br>Defendant. | Civil Action No. 3:25-cv-05377-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Honorable William H. Orrick |

Pursuant to the Case Management Conference Order [Dkt. 10, 27], Fed. R. Civ. P. 16(b), and Civil Local Rule 16-9, Plaintiffs, Ethan Allison and Mark Caloca (collectively, "Plaintiffs"), and Defendant, United Wholesale Mortgage ("Defendant" or "UWM"), (Plaintiffs and Defendant

together the "Parties") by their counsel, hereby respectfully submit the following Joint Case Management Statement.

1. **Jurisdiction and Service**.

   a. <u>Service</u>: All parties in this action have been served.

   b. <u>Jurisdiction</u>: This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d) because this is a proposed class action wherein the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Complete diversity exists between Defendant and at least one member of the proposed Classes, and there are alleged to be more than one hundred (100) members in the proposed Classes. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 because it arises under the laws of the United States. The Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the alleged events and omissions giving rise to Plaintiffs' claims occurred in this district and continue to occur in this district.

2. **Case Facts**:

**Plaintiffs**: The Complaint alleges that UWM is a mortgage lender that services mortgage loans to customers. Plaintiff Allison alleges that he had a mortgage with UWM and Plaintiff Caloca alleges that he has multiple mortgages with UWM. Plaintiffs bring this class action to address UWM's alleged widespread practice of disclosing confidential Nonpublic Personal Information and/or Personally Identifiable Financial Information of Plaintiffs and the proposed class, unlawfully and without authorization, to third parties including Facebook, Google, Microsoft, LinkedIn, CrazyEgg, lordofthesuperfrogs.com, Dynatrace, and possibly others. According to the Complaint, to provide mortgage services, UWM operates and encourages its customers to use its website https://www.uwm.com/ on which customers can, among other things, access their account information, manage their mortgage, and obtain information about UWM's services. Plaintiffs claim

UWM embedded tracking technologies and/or code-based tracking devices from Facebook, Google, and other third parties on its website, surreptitiously forcing Plaintiffs and the proposed class to disclose their personal and financial information that was input into and/or accessed on UWM's website and transmitted to those third party entities without Plaintiffs' and the proposed class's knowledge or authorization.

**UWM**: UWM is a residential mortgage lender that originates loans exclusively through the wholesale channel. UWM operates a B2B Website (https://www.uwm.com/) (the "UWM Website") that provides publicly available information about UWM tools and technologies, as well as third-party resources to real estate agents, mortgage brokers, career seekers, and homebuyers. The UWM Website allows a homeowner looking to make a mortgage payment to be redirected to their relevant loan servicer's website.  When a user initially visits the UWM Website—including to use it as an indirect conduit to their loan servicer's portal—a cookie banner pops up disclosing that the site "use[s] cookies and similar technologies" and offering users the option to manage consent and tracking preferences or affirmatively dismiss the notice and proceed with using the site.  The banner also conspicuously identifies in bold blue lettering and hyperlinks to UWM's Privacy Policy.  UWM's Privacy Policy, which all users of the UWM Website have consented to, provides robust disclosures that describe in detail what information UWM collects and how that information may be used, including the use of tracking technologies by third parties, as well as the opportunity to opt out of cookies.

3. **Key Legal Issues**: Plaintiffs, individually and on behalf of the class, have brought claims against Defendant for negligence, violation of Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502, violation of Consumer Protection Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*., violation of Consumer Privacy Act, Cal. Civ. Code, §§ 1798.100, et seq., breach of express and implied contract, unjust enrichment, declaratory judgment, breach of confidence, violation of Invasion of Privacy Act ("CIPA"), Cal. Pen. Code §§ 631, 632,

638.51, and violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511(1), 2511(3)(a).

Defendant denies Plaintiffs' allegations and that Plaintiffs are entitled to any relief.

4. **Pending Motions**: UWM filed a motion to dismiss Class Action Complaint [Dkt. 21] on August 22, 2025. In response, Plaintiffs amended their complaint [Dkt. 26] on September 12, 2025, bringing additional causes of action. UWM filed a Motion to Stay Discovery on September 16, 2025 [Dkt. 28, 30, 33], and a Motion to Dismiss Plaintiffs' Amended Complaint [Dkt. 29, 34, 35, 36].

5. **Amendment of Pleadings**:

**Plaintiffs**: All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **60 days after the Court's ruling on Defendant's Motion to Dismiss**.

**UWM**: All motions for leave to amend the pleadings and/or to join additional parties shall be filed within **14 days of the Court's ruling on Defendant's Motion to Dismiss**.

6. **Evidence Preservation**: The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that the Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding preservation of evidence relevant to the issues reasonably evident in this action. The Parties intend to continue to meet and confer and file a Stipulated Order Re: Discovery of Electronically Stored Information and a Stipulated Protective Order using the Court's model forms.

7. **Disclosures**: The Parties exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on September 16, 2025.

8. **Discovery**.

    a. <u>Discovery completed to date</u>: To date, the Parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26 and discussed the preservation of discovery.

b. Anticipated discovery: The Parties intend to exchange written discovery, document productions, ESI, fact depositions, expert reports and depositions, and subpoena third parties as needed. The Parties agree to abide by the discovery limitations set forth in the Federal Rules of Civil Procedure.

c. Disputes: This case is in the early stages, and, to date, the Parties have not yet identified a discovery dispute. If a dispute arises, the Parties will abide by the rules of discovery dispute in the assigned Magistrate Judge's Standing Order.

d. E-discovery order: The Parties have considered and intend to file a Stipulated Order Re: Discovery of Electronically Stored Information using the Court's model.

e. Pretrial discovery plan: The Parties agree to abide by Fed. R. Civ. P. 26(f)(3)-(4) in making pretrial disclosures.

f. Discovery stay:

**Plaintiffs:** Plaintiffs oppose a stay of discovery pending a ruling on Defendant's Motion to Dismiss. As explained in Plaintiffs' response to UWM's motion, there is no cause for a stay. [Dkt. 30].

**UWM:** UWM moved to stay discovery pending the resolution of its Motion to Dismiss. As explained in UWM's motion to stay [Dkt. 28] and reply in support [Dkt. 33], good cause exists for a stay.

9. **Class Actions**:

a. Motion for Class Certification: Plaintiffs intend to file a Motion for Class Certification. The Parties agree that Plaintiffs' deadline to move for class certification shall be approximately **60 days after the close of non-expert discovery**. Plaintiffs respectfully request that the Court set a hearing on the Motion for Class Certification once fully briefed before ruling on whether to certify the class.

b. <u>Procedural Guidance</u>: The attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

c. <u>Plaintiffs' position to maintain as a class action under Fed. R. Civ. P. 23</u>: This case is maintainable as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3). This action meets the Rule 23 numerosity, commonality, typicality, adequacy, predominance, and superiority requirements for the simple fact that this case involves allegations of a widescale unauthorized disclosure of the Personal and Financial Information of tens of thousands of people to third parties in a similar way under Fed. R. Civ. P. 23(a) and 23(b)(3). Compl. ¶¶ 129-147. For the numerosity requirement, upon information and belief, there are likely millions of individuals throughout the United States whose Personal and Financial Information has been improperly used or disclosed by Defendant. For the ascertainability requirement, Class Members are readily identifiable from information in Defendant's possession, custody, and control. The commonality and predominance requirements are met because questions of law and fact common to the Classes exist and predominate over any questions affecting only individual Class Members. Examples of these questions of law and fact are laid out in Plaintiffs' Class Action Complaint ¶ 136(a)-(o). Finally, the superiority requirement is met because a class action is the most efficient means to resolve all the claims in one action.

d. <u>Plaintiffs' description of Classes</u>: Plaintiffs seek to represent at least two (2) classes: Nationwide Class and California Subclass. Compl. ¶ 130. The Nationwide Class will consist of all individuals in the United States who have had or applied for mortgage services with UWM within the applicable statute of limitations and whose Personal and Financial Information was disclosed by Defendant to Third Parties through Defendant's Website's tracking technology without authorization. *Id.* The California

Subclass will consist of all citizens of California who have had or applied for mortgage services with UWM within the applicable statute of limitations and whose Personal and Financial Information was disclosed by Defendant to Third Parties through Defendant's Website's tracking technology without authorization. *Id.* Plaintiffs reserve the right to modify or amend the definition of the proposed classes before the Court determines whether certification is appropriate.

e. <u>UWM's position regarding class certification</u>: Plaintiffs will not be able to certify either a nationwide or California class; at minimum, a host of individualized issues will predominate in any trial of Plaintiffs' claims. UWM also maintains that Plaintiffs are not entitled to any individual or class-wide relief.

10. **Related Cases**: No related cases or proceedings are pending before another judge of this court, or before another court or administrative body.

11. **Relief**: Plaintiffs have not yet been able to determine the total amount of class-wide damages allegedly sustained. Defendant has not yet produced the documents and data necessary to estimate damages. Damages to Plaintiffs and putative class members shall be calculated as information becomes available, and expert discovery and expert reports are exchanged. Plaintiffs contend damages should be calculated through expert evaluation, including, but not limited to, the following factors: the value of Plaintiffs' and the proposed class's Personal and Financial Information, UWM's benefits and profits from collecting, using, and sharing the Personal and Financial Information with third (and fourth) parties, revenues and profits attributable to serving and monetizing advertisements directed to Plaintiffs, UWM's savings in marketing costs, return on investment ("ROI") analysis, Plaintiffs' loss of privacy, embarrassment, humiliation, frustration, and emotional distress faced by Plaintiffs, decreased value of Plaintiffs' Personal and Financial Information and increased risk of future harm resulting from future use and disclosure of their Personal and Financial Information.

As set forth in the Class Action Complaint's Prayer for Relief, Plaintiffs seek the following remedies, in addition to any additional relief the Court deems just and proper:

A. For an Order certifying this action as a Class action and appointing Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

B. For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined, as allowable by law;

C. For an award of punitive damages, as allowable by law;

D. For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiffs' and Class Members' Personal and Financial Information and from refusing to issue prompt, complete and accurate disclosures to Plaintiffs and Class Members;

E. For an Order declaring the rights and obligations of the parties, including, without limitation, that Defendant owes a legal duty to its Customers to secure their Personal and Financial Information and that Defendant violates this legal duty by disclosing its Customers' Personal and Financial Information to unaffiliated Third Parties;

F. For equitable relief compelling Defendant to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety and to disclose with specificity the type of Personal and Financial Information compromised and unlawfully disclosed to Third Parties;

G. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

H. For an Order compelling Defendant to pay for not less than three years of credit monitoring services for Plaintiffs and the Classes;

I. For an award of reasonable attorneys' fees and costs under the laws outlined above, the common fund doctrine, and any other applicable law;

  J. Costs and any other expenses, including expert witness fees incurred by Plaintiffs in connection with this action;

  K. Pre- and post-judgment interest on any amounts awarded; and

  L. Such other and further relief as this court may deem just and proper.

UWM maintains that Plaintiffs are not entitled to any relief.

12. **Settlement and ADR**:

**Plaintiffs**: This case is not yet ripe for ADR efforts. However, the Parties are open to the possibility of early settlement. In compliance with ADR L.R. 3-5, the Parties agree to discuss the ADR options with the Court and make a selection at the Case Management Conference. Pursuant to 3-15(d), the Parties have met and conferred as to the ADR options and believe that private ADR will be the most beneficial. However, the Parties wish to discuss the options with the Court before filing a stipulation to ensure private mediation is the best avenue.

Key discovery that will be necessary for Plaintiffs to make an opening settlement demand and begin negotiating resolution is class size information from UWM.

**UWM**: In compliance with ADR L.R. 3-5, the Parties agree to discuss the ADR options with the Court and make a selection at the Case Management Conference. The Parties have met and conferred as to the ADR options. UWM's position is that this case is neither ripe for ADR efforts nor any early settlement discussions prior to the resolution of UWM's Motion to Dismiss Plaintiff's Amended Complaint. UWM also does not maintain, control or possess any class size information that Plaintiffs are seeking.

13. **Other References**: This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues**: At this time, the most consequential issue to the case is the survival of Plaintiffs' claims and the Court's ruling on UWM's Motion to Dismiss Plaintiffs' Amended Complaint.

15. **Scheduling**.

    a. **Class Experts**: Both Plaintiffs and UWM will disclose any class expert witness and shall serve the report required by Fed. R. Civ. P. 26(a)(2) **60 days after the close of non-expert discovery.**

    b. **Discovery cutoffs**:

        i. Non-expert witness discovery and discovery relating to liability issues shall be completed by

           **Plaintiffs**: **12 months following the Court's ruling on UWM's Motion to Dismiss**.

           **UWM**: **9 months following the Court's ruling on UWM's Motion to Dismiss**.

        ii. Expert witness discovery and discovery relating to damages shall be completed by **30 days after to the Court's ruling on Plaintiffs' Motion for Certification**.

    c. **Dispositive motions/motion for summary judgment**: The last day for the Court to hear dispositive motions/motion for summary judgment shall be approximately **60 days after the close of expert witness discovery**.

    d. **Final pretrial conference**: anticipated **2 weeks** prior to trial.

    e. **Trial**: The Parties expect the case to be ready for trial approximately **90 days following the Court's ruling on any dispositive motion**.

16. **Disclosure of Non-party Interested Entities or Persons**: The Parties have both filed their "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Plaintiffs Certificate of Interested Entities was filed on July 9, 2025, [Dkt. 7]. Plaintiffs hereby reiterate that pursuant to Civil L.R. 3-15, there is no conflict or interest (other than the named parties and putative class) to report. Defendant's Certificate of Interested Entities was filed on July

15, 2025 [Dkt. 15]. Defendant hereby reiterates that pursuant to Civil L.R. 3-15, the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: United Wholesale Mortgage LLC is wholly owned by UWM Holdings, LLC. UWM Holdings, LLC has two members: UWM Holdings Corporation and SFS Holding Corporation.

17. **Professional Conduct**: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: December 1, 2025                    Respectfully submitted by,

/s/ J. Gerard Stranch, IV
Michael Tackeff  *Pro hac vice*
J. Gerard Stranch, IV *Pro hac vice*
Emily E. Schiller*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203 Telephone: (615) 254-8801
Facsimile (615) 255-5419
mtackeff@stranchlaw.com
gstranch@stranchlaw.com
eschiller@stranchlaw.com

Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
Carly M. Roman No. 349895
Lynn A. Toops*
Lisa M. La Fornara*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204 Telephone : (317) 636-6481
nlyons@cohenmalad.com
vmiller@cohenmalad.com
croman@straussborrelli.com
ltoops@cohenmalad.com
llafornara@cohenmalad.com

/s/ Randall W. Edwards  (w/permission)
Randall W. Edwards (C.S.B. #179053)
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701
redwards@omm.com

David Marroso (C.S.B. #211655)
Rebecca A. Girolamo (C.S.B. #293422)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: 310-553-6700
Facsimile: 310-246-6779
dmarroso@omm.com
bgirolamo@omm.com

Reema Shah (*pro hac vice* pending)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, 17th Floor
New York, New York 10019
Telephone: 212-326-2000
Facsimile: 212-326-2061
rshah@omm.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone : (872) 263-1100
Facsimile (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

*To move for *pro hac vice* admission

**Counsel for Plaintiffs and the Proposed Classes**

*Counsel for Defendant, UNITED WHOLESALE MORTGAGE*